UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA VALLE,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br><br>    Defendant. | Case No.16-cv-02358-JSC<br><br>**ORDER RE MOTION FOR ATTORNEYS' FEES**<br><br>Dkt. No2. 26, 27 |

In this Social Security case, Plaintiff Ana Valle seeks attorneys' fees under the Equal Access to Justice Act ("EAJA") following this Court's remand of her disability insurance benefits case for an award of benefits. (Dkt. Nos. 26, 27.) Because the Social Security Commissioner does not contest the substantial justification of the original action, and the fees sought by Plaintiff are reasonable, Plaintiff's motion is GRANTED, as explained below.

**BACKGROUND**

This case stems from Plaintiff's appeal of the Social Security Administration's denial of her application for disability benefits for a combination of physical and mental impairments, including: status post breast cancer, status post bilateral breast mastectomy and breast reconstruction, chronic pain, fibromyalgia, and depression. On August 29, 2017, the Court granted Plaintiff's motion for summary judgment, denied the Commissioner's cross-motion for summary judgment, and remanded for an award of benefits concluding that the Administrative Law Judge ("ALJ") committed legal error by improperly discounting Plaintiff's testimony and the opinions of her doctors. (Dkt. No. 23.) Plaintiff then filed the underlying motion for EAJA fees in the amount of $23,181.68 for time spent appealing the ALJ's decision. (Dkt. No. 26.) In her reply brief, Plaintiff requested an additional $1,910.51 in additional fees for litigating the current

1 motion. (Dkt. No. 30.)

## LEGAL STANDARD

A court shall award a prevailing party its fees and expenses in an action against the United States unless "the position of the United States was substantially justified or special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Supreme Court has defined "substantially justified" as "justified in substance or in the main–that is, justified to a degree that could satisfy a reasonable person," or having a "reasonable basis both in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The government bears the burden of establishing substantial justification. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

If the government's position was not substantially justified, then the plaintiff may be eligible for an award of fees under the EAJA; however, eligibility is not an automatic award. *Atkins v. Apfel*, 154 F.3d 986, 989 (9th Cir. 1998). Rather, the plaintiff must prove that the fees sought are reasonable. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001) ("The burden is on the plaintiff to produce evidence that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.") (internal quotation marks omitted).

## DISCUSSION

Plaintiff moves for a total fee award of $25,092.19. (Dtk. No. 30.) The Commissioner does not contend that its position here was substantially justified. Plaintiff is therefore entitled to an award as a prevailing party under 28 U.S.C. § 2412(d). *See Gutierrez*, 274 F.3d at 1258 ("It is the government's burden to show that its position was substantially justified."). The only dispute between the parties is whether the number of hours expended on the appeal was reasonable.

### A. The Fees Sought are Reasonable

When awarding a party attorneys' fees pursuant to the EAJA, the Court must determine the reasonableness of the fees sought. *Sorenson*, 239 F.3d at 1145. The starting point for determining whether a fee is reasonable is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The appropriate number of hours includes all time "reasonably expended in pursuit of the ultimate

result achieved, in the same manner that an attorney traditionally is compensated by a fee-paying client for all time reasonably expended on a matter." *Hensley*, 461 U.S. at 431. The applicant must exercise "billing judgment," i.e., the fees must be for services for which a private client would pay. *Hensley*, 461 U.S. at 434 ("Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority."); *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). Courts should generally "defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." *Moreno*, 534 F.3d at 1112.

Here, Plaintiff has submitted declarations from the two attorneys who worked on her case: Steven Bruce, the Legal Director of the People with Disabilities Foundation who billed 37.8 hours of time on this matter (plus an additional .75 hours for preparation of the reply on the underlying motion for fees), and Timothy Carter, a Staff Attorney at the People with Disabilities Foundation who billed 79.1 hours of time (plus an additional 9 hours for preparation of the reply on the underlying motion for fees). (Dkt. Nos. 26-1, 26-4, 30.) There is no dispute as to the hourly rate for either Mr. Bruce or Mr. Carter. Rather, the Commissioner objects to the fees as excessive in light of the "routine issues" presented and the "experienced" counsel involved. (Dkt. No. 29 at 4:16, 5:7.[1]) The Commissioner contends that Plaintiff is entitled to no more than $11,259.93 in fees. For the reasons discussed below, the Court concludes that Plaintiff is entitled to the full amount of fees and costs requested.

First, courts may not apply de facto caps limiting the number of hours attorneys can reasonably expend on "routine" social security cases. *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1133-37 (9th Cir. 2012) ("we question the usefulness of reviewing the amount of time spent in other cases to decide how much time an attorney could reasonably spend on the particular case before the court."). Although "a district court will always retain substantial discretion in fixing the amount of an EAJA award," *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 163 (1990), a reduction of fees greater than 10 percent requires clear, specific, and persuasive reasons

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

3

from opposing counsel. *Moreno*, 534 F.3d at 1112, 1116 (allowing no more than a 10–percent "haircut" at the court's discretion). The Commissioner's proposal here would result in a more than 50 percent reduction in the amount of fees and the amount of hours for which counsel is compensated. This is a clear contravention of Ninth Circuit precedent: "courts cannot drastically reduce awards simply because the attorney has requested compensation for more than forty hours or make reductions with a target number in mind. Instead, district courts must explain why the amount of time requested for a particular task is too high. Any other approach fails to give deference to the winning lawyer's professional judgment." *Costa*, 690 F.3d at 1136.

Second, social security cases are not "routine"; rather, they "are often highly fact-intensive and require careful review of the administrative record, including complex medical evidence." *Id*. at 1134 n.1. The administrative record in this case was over 1,100 pages, including numerous medical records detailing Plaintiff's multiple physical and mental health conditions, as well as reports from six different physicians regarding her physical and mental health issues. That Plaintiff's counsel cumulatively spent around 53 hours reviewing this record, researching the legal issues, and drafting the motion for summary judgment is not unreasonable given the voluminous medical record and the need to address the ALJ's weighing of the medical evidence with respect to the findings of six different physicians. *See, e.g.*, *Yesipovich v. Colvin*, No. 15-00112 WHA, 2015 WL 5675869, at *7 (N.D. Cal. Sept. 28, 2015) (concluding that 49.67 hours were compensable given that the case was highly fact intensive, involved many administrative proceedings, and a voluminous administrative record); *Stevenson v. Astrue*, No. 10-04837 LB, 2012 WL 5412704, at *6 (N.D. Cal. Nov. 6, 2012) (rejecting argument that 59.3 hours was excessive because "[e]ach case has its own unique facts, which must be stated clearly and concisely, and each brief must contain arguments set forth in a coherent and persuasive way."). The same is true for the over 30 hours spent on the reply brief. As the Court's 24-page Order demonstrates, Plaintiff's case was factually complex and required substantial analysis of numerous issues, including the ALJ's treatment of her credibility and the opinions of her numerous medical sources.

Finally, that one of Plaintiff's attorneys is experienced in social security law is not a basis to reduce his requested hours. *See, e.g.*, *Bell v. Berryhill*, No. 16-CV-00809-MMC, 2018 WL

4

452110, at *4 (N.D. Cal. Jan. 17, 2018) (holding that the fact that plaintiff's attorneys are experienced in Social Security law does not suffice to warrant a reduction in the claimed hours); *Arik v. Astrue*, No. 08-cv-05564-SBA (LB), 2011 WL 1576711, at *6 (N.D. Cal. Apr. 26, 2011) (holding counsel's expertise does not necessarily justify a reduction in hours), report and recommendation adopted, 2011 WL 2470907 (N.D. Cal. Jun. 22, 2011). The Commissioner's insistence that counsel's experience mandates that he and Mr. Carter should have been able to do the work necessary in half as much time is unsupported by any legal authority and unpersuasive. *See Arik*, 2011 WL 1576711, at *6 (finding defendant's "arguments with regard to the amount of time spent on various tasks...appear to be based on defense counsel's own opinion, and [defendant] does not provide any expert or other credible authority to suggest that the time billed is unreasonable").

Accordingly, the Court concludes that Plaintiff's request for $25,092.19 in fees is reasonable.

### B. Plaintiff is entitled to Fees for Preparing this EAJA application

Under EAJA, a prevailing party is entitled to fees incurred in protecting the EAJA fee award in subsequent litigation by the Government over the amount of the EAJA fee award. *Jean*, 496 U.S. at 161; *see also Love v. Reilly*, 924 F.2d 1492, 1497 (9th Cir. 1991). Plaintiff's request for $1,910.51 for 9.75 additional hours of work preparing the reply brief is also reasonable. *See, e.g.*, *Lauser v. Colvin*, No. 13-05990-MEJ, 2015 WL 1884330, at *5 (N.D. Cal. Apr. 23, 2015) (awarding $1,110.21 for fees for preparing of the reply brief); *Smith v. Astrue*, 2012 WL 3114595, at *5 (N.D. Cal. July 31, 2012) (granting a request for fees for 2.6 hours of work spent preparing the reply brief on the fees motion).

### C. The Fee Award Should be Paid Directly to Counsel

According to the EAJA, "a court shall award to a prevailing party ... fees and other expenses ... incurred by that party in a civil action (other than cases sounding in tort) ... unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A) (emphasis added). In *Astrue v. Ratliff*, 560 U.S. 586, 594 (2010), the Supreme Court considered this provision of the EAJA and whether it makes a fee payable to the prevailing

party or the attorney. The Supreme Court noted the absence of language in the EAJA explicitly directing fees to attorneys and compared EAJA with a provision in the Social Security Act making fee awards payable "to such attorney." *Id*. at 595 (citing 42 U.S.C. § 406(b)(1)(A)). In so doing, the Court concluded that "given the stark contrast between the SSA's express authorization of direct payments to attorneys" and the absence of such language in EAJA, it would not interpret EAJA to "contain a direct fee requirement absent clear textual evidence supporting such an interpretation." *Id*. at 595.

Nevertheless, courts in this district have concluded that *Ratliff* does not prevent payment of a fee award directly to the attorney if there has been a valid assignment and the plaintiff does not owe a debt to the government. *See Hampton v. Colvin*, No. 13-CV-04624-MEJ, 2015 WL 1884313, at *7 (N.D. Cal. Apr. 23, 2015); *Yesipovich v. Colvin*, No. 15-00112-WHA, 2015 WL 5675869, at *8 (N.D. Cal. Sept. 28, 2015); *Neilsen v. Colvin*, No. 13-173-NJV, 2014 WL 1921317, at *3 (N.D. Cal. May 13, 2014); *Lloyd v. Astrue*, No. 11-4902-EMC, 2013 WL 3756424, at *4 (N.D. Cal. July 16, 2013); *Palomares v. Astrue*, No. 11-4515-EMC, 2012 WL 6599552, at *9 (N.D. Cal. Dec. 18, 2012. As Plaintiff assigned her EAJA fees to Mr. Bruce (Dkt. No. 26-3), Plaintiff's award, subject to any debt offset, shall be paid directly to Plaintiff's counsel.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for an award of attorneys' fees pursuant to EAJA in the amount of $25,092.19 is GRANTED. (Dkt. No. 26.)

**IT IS SO ORDERED.**

Dated: January 18, 2018

JACQUELINE SCOTT CORLEY
United States Magistrate Judge