UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA VALLE,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br><br>    Defendant. | Case No. 16-cv-02358-JSC<br><br>**ORDER DENYING MOTION FOR CIVIL CONTEMPT AND SANCTIONS**<br><br>Re: Dkt. No. 34 |

In this Social Security case, the Court previously granted Plaintiff Ana Valle's motion for summary judgment and remanded to the Social Security Administration for an award of benefits. Plaintiff has now filed a motion for Civil Contempt and Sanctions against the Social Security Administration for improperly withholding attorney's fees for work performed before the agency.[1] (Dkt. No. 34.) The Court DENIES the motion because Plaintiff has failed to show that civil contempt and sanctions are warranted. Additionally, the Court lacks subject matter jurisdiction to order Defendant to pay attorney's fees for work performed before the Social Security Administration.

**BACKGROUND**

This case stems from Plaintiff Ana Valle's appeal of the Social Security Administration's ("the Agency") denial of her application for disability benefits for a combination of physical and mental impairments. Steven Bruce, an attorney for the People with Disabilities Foundation ("PWDF"), began representing plaintiff Ana Valle in 2013.[2] (Dkt. No. 34.)

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 6, 8.)

[2] Plaintiff Ana Valle and Steven Bruce entered into an initial fee agreement in December 2013 for representation through the ALJ hearing in which Plaintiff and Mr. Bruce agreed that the

On August 29, 2017, the Court granted Plaintiff's motion for summary judgment and remanded for the calculation and award of benefits. (Dkt. No. 23.) Subsequently, the Agency awarded Plaintiff past-due benefits and withheld $18,158.75 for attorney's fees, which is 25 percent of past-due benefits owed to Plaintiff. (Dkt. No. 38-3, SSA Letter Ex. B.) Prior to filing this motion, Plaintiff moved for attorney's fees under the Equal Access to Justice Act ("EAJA") for work performed before the Court in 2016 and 2017. (Dkt. No. 26.) On January 18, 2018, the Court granted Plaintiff's motion for EAJA attorney's fees in the amount of $25,092.19. (Dkt. No. 31.)

Two months later, Mr. Bruce sent the Agency a letter requesting that attorney's fees for work done before the agency be paid from the withheld past-due benefits pursuant to the fee agreement. (Dkt. No. 34-5, Bruce Decl. Ex. B.) Mr. Bruce stated that if the Agency would not approve the fee agreement the Agency "may also use this letter as an intent to file a fee petition under SSA regulation." (*Id.*)[3] Four months later, the Agency responded requesting that Mr. Bruce either file a petition for administrative fees with an Attorney's Fee Officer or provide a copy of authorization to receive a fee. (Dkt. No. 34-6, Bruce Decl. Ex. C.)

On July 19, 2018, another attorney for PWDF, Zoya Yarnykh, requested the fees be paid stating that if the Agency refused, her letter should be interpreted "as an intent to file a fee petition under SSA's regulation." (Dkt. No. 34-7, Bruce Decl. Ex. D.) On September 28, 2018, the Agency responded: "[u]nder the regulations, a petition for approval of fee or written notice of intent to file a fee petition should be filed within 60 days of the date the notice of favorable decision is mailed." (Dkt. No. 34-8, Bruce Decl. Ex. E.) The Agency also stated they had not received notice or a fee petition and gave Plaintiff 20 days to file a petition or request an extension

---

"attorney's fee[s] will be the less of SSA's current cap of $6,000 or twenty-five percent (25%) of all past due benefits awarded to me and my family, pursuant to 42 U.S.C. 406 (a)(2)(A)." (Dkt. No. 34-1, Bruce Decl. Ex. A.) After the Agency denied her benefits application, Plaintiff and Mr. Bruce entered into another fee agreement for representation during the appeals process; the later fee agreement reiterates that attorney's fees will be the lesser of either $6,000 or twenty-five (25%) of all past due benefits. (*Id.*)
[3] Mr. Bruce attached copies of both fee agreements with Plaintiff Ana Valle to the March 1, 2018 letter to the Agency. (Dkt. No. 34-4, Bruce Decl. Ex. B.)

2

of time. (*Id.*) On October 8, 2018, Ms. Yarnykh, sent another letter to the Agency writing that a notice of intent to file a petition was sent on July 19, 2018. (Dkt. No. 34-9, Bruce Decl. Ex. F.) This time the letter warned that PWDF would seek sanctions for violating the Court's August 29, 2017 Order remanding for the calculation and award of benefits if the fee agreement was not processed. (*Id.*) On January 9, 2019, Ms. Yarmyhk sent another letter to the Agency repeating the request for the fee agreement be approved. (Dkt. No. 34-10, Bruce Decl. Ex. G.) The Agency advised PWDF that unless they "file a petition for approval of fee within 20 days from the date of this letter, or a written request for extension of time," all withheld benefits would be certified to Plaintiff Ana Valle. (Dkt. No. 34-11, Bruce Decl. Ex. H.)

Plaintiff thereafter filed the underlying motion requesting the Court do the following: find the Agency in civil contempt; award monetary sanctions in the amount of $6,712.50, for attorney's fees incurred in connection with PWDF communications with the Agency and filing Plaintiff's motion; and direct the Agency to pay the attorney's fees for work performed before the Agency within 10 days. (Dkt. No. 34.)

**DISCUSSION**

Plaintiff's motion for contempt and sanctions is predicated on the Court's Order remanding for calculation and award of benefits. Plaintiff insists the Agency violated the Order by failing to pay her attorney in connection for work performed before the Agency. The Agency contends that regulations require that Plaintiff file a fee petition to obtain fees for work performed before the Agency. This Order will address, in turn, the civil contempt and sanctions issues, and then the request for attorney's fees for work performed before the Agency.

**I.     Civil Contempt and Sanctions**

The procedural hook for Plaintiff's motion is civil contempt and sanctions for violation of a court order. But neither basis applies here.

**A.     Civil Contempt**

A court's power of contempt is regarded as an "inherent" power that is "necessary to the exercise of all others." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 831 (1994). "A district court has the power to adjudge in civil contempt any person who [ ] disobeys a

3

specific and definite order of the court." *Gifford v. Heckler*, 741 F.2d 263, 265 (9th Cir. 1984). "Intent is not an issue in civil contempt proceedings. The sole question is whether a party complied with the district court's order." *Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir. 1983) (internal citations omitted). "Judicial sanctions in civil contempt proceedings may, in a proper case, be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303–04 (1947).

For the court to issue a civil contempt order the moving party must establish: (1) that the party violated a court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence. *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). "The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court." *In re Bennett,* 298 F.3d 1059, 1069 (9th Cir. 2002) (citing *F.T.C. v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999).

Here, Plaintiff has not satisfied the most important prong of civil contempt—violation of a court order. *See E-Smart Techs., Inc. v. Drizin*, No. CIV. 3:06-05528 MHP, 2011 WL 1884195, at *7 (N.D. Cal. May 18, 2011) (finding "civil contempt absent a court order would [] conflict with the unequivocal and long-standing precedent requiring disobedience of a court order for civil contempt."). Plaintiff argues that the Agency violated the Order because "remand for calculation of benefits [] necessarily includes statutory attorney's fees." (Dkt. No. 34.) However, the Court did not mention attorney's fees, a fee agreement, or administrative fees in the Order. (Dkt. No. 23.) Plaintiff cites no case or statute to support her argument that the Court's Order encompassed any fee award before the Agency and this Court did not intend that it do so. Moreover, the Court does not have jurisdiction to award Plaintiff's request for attorney's fees under 406(a) for work performed at the administrative level. *Clark v. Astrue*, 529 F.3d 1211, 1215 (9th Cir. 2008) (finding under Section 406(b) the court has jurisdiction to award attorney's fees for work performed before the district court; however, the court has no jurisdiction to award fees for work performed during the administrative process). Plaintiff has not satisfied her burden to show by

4

clear and convincing evidence the Agency violated a specific and definite order of the Court.

**B.  Sanctions**

Plaintiff requests sanctions in connection with her civil contempt motion and maintains that "in narrowly defined circumstances federal courts have inherent power to assess attorney's fees against counsel." (Dkt. No. 39.)[4] Plaintiff urges that the Court either grant sanctions in connection with the motion for civil contempt or under the Court's inherent authority.

1.  <u>Civil Contempt Sanctions</u>

"It is well-established that attorneys' fees are awarded as compensatory damage to the prevailing party in a civil contempt motion." *U.S. Philips Corp. v. KXD Tech., Inc.*, Case No. CV 05-08953 DMG (PLAx), 2014 WL 12567518, at *1 (C.D. Cal. Aug. 26, 2014) (citing *Perry v. O'Donnell*, 759 F.2d 702, 705 (9th Cir. 1985)).  Plaintiff requests that the Court award monetary sanctions for work performed "in connection [with Plaintiff] trying to collect the administrative fees," the motion, and the reply.  (Dkt. Nos. 34, 29.)  Because Plaintiff has not satisfied her burden to establish civil contempt, the Court will not order sanctions.

2.  <u>Sanctions Pursuant to the Court's Inherent Authority</u>

"The district court has the inherent authority to impose sanctions for bad faith, which includes a broad range of willful improper conduct." *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001).  These powers, however, "must be exercised with restraint and discretion." *Chambers v. NASCO,* 501 U.S. 32, 44 (1991).  Accordingly, the bad-faith requirement sets a "high threshold," which may be met by willful misconduct, or recklessness that is coupled with an improper purpose. *Fink*, 239 F.3d at 993–94 (internal citations omitted).  It is the moving party's burden to demonstrate that the party against whom it seeks sanctions acted with the requisite bad faith or improper purpose. *Burnett v. Conseco, Inc.*, 87 F.Supp.3d 1238, 1247-48 (N.D. Cal. Apr. 9, 2015) (reversed on other grounds).

---

[4] Inherent authority sanctions are available at any time once litigation commences, including after entry of judgment. *See Haeger v. Goodyear Tire & Rubber Co.*, 813 F.3d 1233, 1244 (9th Cir. 2016) (imposing sanctions for discovery fraud discovered after cases settled under the court's inherent power), rev'd on other grounds, *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1184 (2017) (affirming the validity of sanctions but reversing because the amount awarded was too high).  Therefore, even after granting summary judgement, the Court may grant sanctions.

5

Here, Plaintiff insists that sanctions are appropriate because the Agency ignored multiple requests for payment under the fee agreement. However, the Agency gave Plaintiff ample time to file a fee petition and gave Plaintiff extensions to do so. Moreover, the correspondence indicates the Agency did not deny Plaintiff's request for fees, but instead, advised Plaintiff that based on the Agency's interpretation of section 406(a) Plaintiff needed to file a fee petition to obtain attorney's fees. The Agency's interpretation of Section 406(a) should not be considered bad faith. *See GoDaddy.com LLC v. RPost Commc'ns Ltd.*, No. CV-14-00126-PHX-JAT, 2016 WL 4569122, at *11 (D. Ariz. Sept. 1, 2016) (declining to sanction under the court's inherent authority because defendant made plausible legal argument for a broad interpretation of the law). Under these circumstances, the Court finds the Agency did not meet the high threshold of bad faith.

Although a court also has the inherent authority to impose sanctions where a party has willfully disobeyed a court order, *Chambers*, 501 U.S. at 45, as discussed above, the Agency did not disobey the Court's Order remanding for calculation and award of benefits.

\*\*\*

The Court DENIES Plaintiff's motion for contempt and sanctions because Plaintiff has not satisfied her burden to establish civil contempt. Further, the Court declines to grant sanctions in connection with the Court's inherent authority as Plaintiff has not established the Agency's bad faith.

**II.     Attorney's Fees for Work Performed Before the Agency Under Section 406(a)**

Plaintiff requests that the Court direct the Agency to pay within 10 days attorney's fees based on the fee agreement method. The Agency responds that because the Court made the final determination regarding benefits, Agency policy requires that Plaintiff submit a fee petition.[5]

---

[5] The Agency argues that the fee agreement method is not available to Plaintiff because "the [C]ourt, not the agency, found the claimant entitled to benefits"; therefore, the petition method is required in order for PWDF to receive fees from representing Plaintiff at the administrative level. (Dkt. No. 38.) According to the Agency's internal operating guidelines (Program Operations Manual System ("POMS")), "[w]hen a court makes the final decision regarding the claimant's entitlement or eligibility to benefits, the representative must submit a fee petition to receive a fee for the services the representative provided before the Agency. The filing of a fee petition is required even if the representative previously submitted a fee agreement which was approved at the administrative level, because the fee agreement process applies only in a case favorably decided by the Commissioner." Social Security Administration, Program Operations Manual

6

Plaintiff requests attorney's fees under 42 U.S.C. § 406(a).[6] Section 406(a) provides two methods by which a Social Security claimant's attorney may obtain fees for the representation of the claimant before the Agency: the fee petition process and the fee agreement process.

The fee petition process is governed by 42 U.S.C. § 406(a)(1). When the Commissioner makes a determination favorable to the claimant, Section 406(a)(1) authorizes the Commissioner to "fix . . . a reasonable fee to compensate [the claimant's] attorney for the services performed by him in connection with such claim." 42 U.S.C. § 406(a)(1). The fee agreement process is governed by 42 U.S.C. § 406(a)(2). Under this process, the attorney and the claimant must enter into a written fee agreement and submit it to the Commissioner before the Commissioner issues a determination of the claimant's benefits. 42 U.S.C. § 406(a)(2)(A). If the Commissioner issues a determination favorable to the claimant, the Commissioner shall approve the fee agreement at the time of the determination, provided the fee does not exceed the lesser of 25% of the claimant's past-due benefits or a set dollar amount—currently $6,000. 42 U.S.C. § 406(a)(2)(A); *see* Maximum Dollar Limit in the Fee Agreement Process, 74 Fed. Reg. 6080 (2009).

### A. Jurisdiction to Award Fees Under Section 406(a)

Plaintiff asks that the Court grant attorney's fees for work done before the Agency pursuant to the fee agreement. However, "[s]ection 406(a) grants the Social Security Administration exclusive jurisdiction to award attorney's fees for representation of a Social Security claimant in proceedings before the Administration." *Clark*, 529 F.3d at 1215. On the other hand, "[Section] 406(b) grants federal courts exclusive jurisdiction to award attorney's fees for representation of the claimant in court." *Id.* (citing *MacDonald v. Weinberger*, 512 F.2d 144, 146 (9th Cir. 1975)). Here, however, Plaintiff is not seeking attorney's fees for work conducted

---

System, GN 03930.005B4 online at https://secure.ssa.gov/apps10/poms.nsf/lnx/0203930005 (as last visited Mar 29, 2019). The Court does not reach this issue because it lacks jurisdiction to order the SSA to approve attorney's fees under 406(a).
[6] Plaintiff ask for $6,000, which is the maximum permitted by the fee agreement. (Dkt. No. 34, 34-1, Bruce Decl. Ex. A.) Plaintiff's reference to work done at the administrative level is another term for work done before the agency. *Brandenburg v. Astrue*, No. 06-CV-1431-BR, 2009 WL 1138088, at *1 (D. Or. Apr. 15, 2009) (attorney's fees under Section 406(a) are "for representation of Plaintiff at administrative proceedings before the agency."

during representation before the Court under 406(b).[7] Thus only the Commissioner—not this Court—can award Plaintiff the fees sought.

Plaintiff's reliance on *Culbertson v. Berryhill* and *Gisbrecht v. Barnhart* is misplaced because neither suggests that the Agency must use the fee agreement process. *Culbertson v. Berryhill*, 139 S. Ct. 517, 522 (2019) (holding that §406(b)'s 25% cap on court-stage fees does not apply to §406(a) agency-stage fees, or the aggregate of §§406(a) and (b) fees); *Gisbrecht v. Barnhart*, 535 U.S. 789, 809 (2002) (holding § 406(b) does not displace fee agreements, but instead "§ 406(b) instructs courts to review for reasonableness fees yielded by those agreements"). Plaintiff's cited cases do not suggest that the Court has authority to award attorney's fees for work performed before the agency; instead, they suggest that the work performed before the agency and the Court are separate determinations. *Culbertson*, 139 S. Ct. at 522 (2019) ("Subsections [406](a) and [406](b) address different stages of the representation. Section 406(a) addresses fees for representation 'before the Commissioner,' whereas § 406(b) addresses fees for representation in court"); *Gisbrecht*, 535 U.S. at 794 ("406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court."). Therefore, the Court does not have the jurisdiction to order the Agency to award Plaintiff attorney's fees for work performed before the Agency. Accordingly, the Court denies Plaintiff's request for attorney's fees under Section 406(a).

### B. Waiver of Sovereign Immunity

Plaintiff's request for Section 406(a) fees fails for a second reason: the United States has not waived its sovereign immunity. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) ("A waiver of sovereign immunity cannot be implied but must be unequivocally expressed.") (internal

---

[7] Section 406(b)(1)(A) provides that "[w]henever a court renders a judgment favorable to a claimant under this title [42 USCS §§ 401 et seq.] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." PWDF has already received attorney's fees under EAJA for work performed before the Court. (Dkt. No. 31.) If PWDF were awarded compensation under Section 406(b) for the same work, they would be required to refund Plaintiff the smaller award. *Parrish v. Comm'r of SSA*, 698 F.3d 1215, 1219 (9th Cir. 2012) (citing Pub. L. No. 99-80, § 3, 99 Stat. 183 (1985) (adding "Savings Provision" to 28 U.S.C. § 2412 notes)).

quotation marks omitted). Nothing in Section 406(a) constitutes an expressed waiver of sovereign immunity. *People with Disabilities Found. v. Colvin*, No. 15-cv-02570-HSG, 2016 U.S. Dist. LEXIS 68122, at *11 (N.D. Cal. May 24, 2016); *see also Pittman v. Sullivan*, 911 F.2d 42, 46 (8th Cir. 1990) ("Section 406 cannot be construed as a waiver of immunity because it contemplates payment of the fee award by the claimant, out of past-due benefits, rather than by the government, out of general funds.") (internal quotations omitted). For these reasons, Section 406(a) does not give the Court jurisdiction to consider Plaintiff's request for attorney's fees for work done before the Agency.

***

The Court lacks subject matter jurisdiction to order the Agency to award Plaintiff's attorneys fees pursuant to the fee agreement under 406(a). *See also Rattlesnake Coal. v. U.S. E.P.A.,* 509 F.3d 1095, 1103 (9th Cir. 2007) (holding that the federal courts lack subject matter jurisdiction over claims brought against a federal agency unless the United States has waived its sovereign immunity).

## CONCLUSION

For the reasons discussed above, the Court DENIES Plaintiff's motion for civil contempt and sanctions because Plaintiff has not shown that the Agency violated a court order. Further, the Court lacks subject matter jurisdiction to order the Agency to pay attorney's fees under Section 406(a).

**IT IS SO ORDERED.**

Dated: April 8, 2019

JACQUELINE SCOTT CORLEY
United States Magistrate Judge